IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULA BRANDL | : | CIVIL ACTION |
| 321 Colonial Drive | : | |
| Exton, PA 19341 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| ACE USA | : | |
| and | : | |
| ACE INA Holding, Inc | : | |
| and | : | |
| ESIS, Inc. | : | |
| and | : | |
| INSURANCE COMPANY OF NORTH | : | |
| AMERICA | : | |
| and | : | |
| CIGNA CORPORATION AND CIGNA | : | |
| INTELLECTUAL PROPERTY, INC | : | |
| D/B/A CIGNA GROUP INSURANCE | : | |
| | : | |
| Defendants. | : | NO. 10- |

## COMPLAINT

The Plaintiff, Paula Brandl, by and through her attorney, LEO A. HACKETT, ESQUIRE, brings this cause of action under the Employee Retirement Income Security Act, 1974, as amended, 29 U.S.C. §1101 *et seq.*; (ERISA), the Family and Medical Leave (FMLA) Act, 29 U.S.C. §2001 et seq.; the Pennsylvania Wage Payment and Collection Act, 43 P.S. §-260, *et seq.*; and for breach of contract under the common law of the Commonwealth of Pennsylvania.

**II.**   **Parties**

1. The Plaintiff, Paula Brandl, is a female 37 years of age who is married with one child and residing at 321 Colonial Drive, Exton, PA 19341.

2. The Defendant, ACE USA, is a corporation doing business in multiple states including the state of Delaware and the Commonwealth of Pennsylvania with a place of business located at Beaver Valley Road, Wilmington, Delaware and was the employer of the Plaintiff.

3. Defendant, CIGNA Corporation and CIGNA Intellectual Property, Inc. D/B/A CIGNA Group Insurance ("CIGNA") is a partnership or joint venture to service insurance claims for various insurance companies including INA with its place of business at 12225 Greenville Avenue, Dallas, Texas 75243-9337.

4. Defendant, ACE INA Holdings, Inc., ("ACE INA") is a designated a plan administrator of ACE USA benefit plans with it's principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.

5. Defendant, ESIS, Inc. ("ESIS") is a corporation located at 20700 Civic Center Drive, Suite 400, Southfield, Michigan 48076 and is the plan administrator of the ACE USA short term disability plan. The Plaintiff leaves and therefore avers that ESIS, Inc is a division or subsidiary of ACE USA.

6. The Defendant, Insurance Company of North America ("INA"), is a corporation engaged in the insurance business including business in the Commonwealth of Pennsylvania and is the insurer and administrator of the long term disability benefits plan of ACE USA and with a principle place of business located at 12225 Greenville Avenue, Suite 1000 Dallas, Texas 75243-9337.

III. **Jurisdiction**

7. The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, Section 502 (a)(e) (1)(f) of ERISA, 29 U.S.C. §1132 (a)(e)(1)(f) and supplemental jurisdiction over the state common law cause of action. 28 U.S.C. §1367.

IV **Short Term Disability Claim**

8. Plaintiff incorporates herein paragraphs 1 through 7 as though set forth in full herein.

9. The Plaintiff was most recently employed by ACE USA in 2002 as an Account Coordinator and was compensated at a salary of Fifty-Three Thousand Dollars ($53,000.00) per year. The duties and responsibilities of this position primarily required the ability to perform financial and administrative duties and was not sedentary in nature. A copy of the Plaintiff's job duties is set forth in the Plaintiff's affidavit submitted to Defendant CIGNA in 2009 and is attached hereto as (Exhibit "1").

10. The description of the duties and responsibilities of the position of the Account Coordinator are confirmed in the job posting of the position by ACE USA while the Plaintiff was absent from work due to her disability (Exhibit "2").

11. On of about July 21, 2008 the Plaintiff was absent from work due to illness. The Plaintiff sought medical treatment from a physician who diagnosed her with a serious medical condition and prescribed certain treatments.

12. The Plaintiff advised Defendant ACE USA of her illness and need to obtain short term disability benefits under the Defendant's short term disability plan.

13. In August 2009, ACE USA's records acknowledged reports from the Plaintiff of her condition including dizziness, panic attacks, fatigue, disorientation,

3

inability to drive a car, passing out requiring emergency paramedic treatment which ACE USA recognized as symptoms of a disability and that the Plaintiff appeared to be disabled. (Exhibit "3")

14. In or about the end of August 2008 the Defendant ACE USA advised the Plaintiff that she was not entitled to short term disability benefits because her doctor had not submitted sufficient documentation of the illness although her doctor had sent written reports along with laboratory work to ACE USA with a diagnosis and written opinion that Plaintiff was medically disabled from July 21, 2008 (Exhibit "4").

15. On or about September 2, 2008 the Plaintiff contacted her supervisor at the ACE USA to discuss her options in light of the denial of short term disability benefits and her continuing illness.

16. On of about September 2, 2008 the Plaintiff's supervisor advised her that she would confer with the Human Resources Department of ACE USA and respond to her.

17. On or about September 3, 2008 the Plaintiff's supervisor thereafter advised her that she had no other options. (Exhibit "5").

18. The Plaintiff's supervisor did not advise her that she had a right to apply for leave under the Family and Medical Leave Act (FMLA) or provide Plaintiff with the documentation to apply for FMLA leave.

19. As the result of the actions of the ACE USA through it's supervisor the Plaintiff was forced to resign on September 3, 2008 rather than be terminated which action constituted a constructive discharge of the Plaintiff.

20. The Plaintiff thereafter continued to seek medical treatment for her illness and obtained additional diagnosis of her condition which included chronic Epstein-Barr Virus and other medical conditions which diagnosis and treatment begun during September and October 2008 and continued thereafter.

21. The Plaintiff appealed her denial of short term disability benefits to ESIS, the administrator of short term disability benefits for ACE USA.

22. As part of the Plaintiff's appeal from the denial of short term benefits she submitted addition medical records to the claim administrator.

23. On June 12, 2009 ESIS reversed the prior decision to deny short term disability benefits to the Plaintiff and awarded to her short term disability benefits based upon the determination that the Plaintiff was suffering from a disability under the short term disability plan.

24. The award of short term disability benefits to the Plaintiff from ACE USA was limited to payment for the period July 21, 2008 to September 2, 2008 approximately five (5) weeks.

25. The short term disability plan provides for twenty-six (26) weeks of wage continuation and does not condition receipt of benefits on continued employment.. The Plaintiff appealed the limit on the short term benefits and sought the full twenty-six (26) weeks of benefits.

26. The Plaintiff also submitted to ESIS additional medical documentation requested by ESIS concerning her continuing disability and which documentation included report from two (2) physicians and a vocational specialist. (Exhibits 6)

27.     On May 3, 2010 ESIS responded to Plaintiff's appeal for the full twenty-six (26) weeks of benefits and went beyond the scope of the appeal filed by the Plaintiff and determined that the Plaintiff was not disabled under the short term disability plan.

28.     At the same time that ESIS determined that the Plaintiff was not disabled it also determined that she was entitled to additional benefits under the short term disability plan though the middle of October 2008.

**V.     Long Term Disability Claim**

29.     The Plaintiff incorporates herein paragraphs 1 thru 28 as though set forth and full herein.

30.     On January 15, 2009 the Plaintiff applied for long term disability (LTD) benefits under the long term disability plan of the Defendant ACE USA.

31.     The long term disability plan is administered and insured through CIGNA which administers the LTD on behalf of the insurer INA.

32.     Under the short term disability plan and the long term disability plan an employee is "disabled" when he/she is "unable to perform the essential duties of your current, or a similar job…" An employee with a "disability" is entitled to a maximum of twenty-six (26) weeks in a consecutive 12 month period of short term disability benefits at the employees then rate of compensation and up to 24 months of long term disability benefits during which the employee is unable to perform the material duties of the employees current occupation and an additional 24 months of continued disability wage compensation where the employee is unable to perform the material duties of any occupation for which the employee is qualified by reason of education, training or experience.

33.   On March 18, 2009 CIGNA denied the Plaintiff long term disability benefits primarily on the basis that the Plaintiff was determined to be engaged in "sedentary occupation" and that "There are no psychiatric treatment notes or records available for review".

34.   On the August 27, 2009 the Plaintiff appealed the denial of long term disability benefits.

35.   On February 22, 2010 Plaintiff submitted to CIGNA reports from Dr. Virginia Sherr, a licensed Psychiatrist and Neurologist, dated August 21, 2009 (Exhibit "7") which report stated that based upon her examination of the Plaintiff and a review of her medical records that the Plaintiff was disabled by reason of Lyme disease since July 2008 which impaired her physical and cognitive abilities and prevented her from performing her occupation as a Account Coordinator or any other occupation at that time.

36.   Plaintiff also submitted to CIGNA the report of a Certified Vocational Rehabilitation Specialist, Mr. Gary Young, dated February 2, 2010 (Exhibit "8"), who after reviewing Plaintiff's job description, medical records and interviewing Plaintiff, concluded that the Plaintiff was disabled from performing her duties of Account Coordinator, that her position as Account Coordinator was a highly skilled position requiring cognitive abilities which she did not have since July 2008 due to the disability.

37.   On the same date the Plaintiff submitted additional information to CIGNA consisting of a medical report from Dr. Ann Corson, a recognized physician specializing in Lyme disease, dated November 11, 2009 opining that the Plaintiff was in fact suffering from a severe case of Lyme disease which had caused her physical and cognitive

disabilities preventing her from being able to perform the duties of her own occupation or that of any other occupation at the time. (Exhibit "9")

38. On June 3, 2010 CIGNA again denied Plaintiff's claim for long term disability benefits this time based on a lack of cognitive testing but recognizing that Plaintiff suffered from Epstein-Barr virus, Herpes, Herpes Simplex and Lyme disease. CIGNA never requested or performed cognitive testing on the Plaintiff even as part of its peer medical review of her records.

VII. **Family and Medical Leave Claim**

39. The Plaintiff incorporates herein paragraphs 1 through 38 as though set forth and full herein.

40. Beginning on about July 21, 2008 the Plaintiff had a serious medical condition initially diagnosed an reported to ACE USA in August 2008 and was otherwise qualified for 12 weeks of leave pursuant to the Family and Medical Leave Act (Exhibits "3, 4" ).

41. On or about September 2, 2008 when the Plaintiff inquired of her supervisor at ACE USA of her options in light of her employer's rejection of her short term disability claim the supervisor after conferring with the Human Resources Director failed to advise the Plaintiff that she could elect to apply for Family and Medical Leave and failed to provide the Plaintiff with the appropriate documentation to apply for a Family and Medical Leave.

42. ACE USA rejection of the Plaintiff's short term disability claim under the short term disability plan based on lack of medical documentation did not disqualify the

Plaintiff for qualifying under Family and Medical Leave based upon a serious medical condition.

VIII. **Pennsylvania Wage Payment and Collection Act and Breach of Contract Claims** (Alternative Claim)

43. The Plaintiff incorporates herein paragraphs 1 through 42 as though set forth and full herein.

44. The Plaintiff brings this claim for short term and long term disability covered by disability plans of ACE USA in the alternative in the event that the Plans are not covered by ERISA.

WHEREFORE, the Plaintiff demands a declaration that she is entitled to short term and long term disability benefits pursuant to the short term and long term disability plans, loss of benefits from July 21, 2008, reinstatement to her employment upon recovery from the disability, compensatory damages, consequential damages, punitive damages, liquidated damages, attorney's fee and costs in excess of On Hundred Fifty Thousand Dollars ($150,000.00).

    Respectfully submitted,

    LAW OFFICES OF LEO A. HACKETT

    BY:_____
        LEO A. HACKETT, ESQUIRE
        Attorney I.D. No. 08936
        300 West State Street, Suite 301
        Media, PA 19063
        (610) 565-7700
        Attorney for Plaintiff