IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA BRANDL | : CIVIL ACTION |
| | : NO. 10-03512 |
| v. | : |
| | : |
| ACE USA, et al. | : |
| | : |

O'NEILL, J.                                                                                                February 7, 2011

**<u>MEMORANDUM</u>**

Now before me is plaintiff Paula Brandl's motion for reconsideration of my Order of January 14, 2011 to the extent that it granted defendant Life Insurance Company of North America's December 7, 2010 Rule 12 Motion and dismissed plaintiff's Short Term Disability, Pennsylvania Wage Payment and Collection Act and Breach of Contract claims against LINA, dismissed plaintiff's first amended complaint against CIGNA Group Insurance for lack of personal jurisdiction, and struck Plaintiff's jury trial demand as to all claims asserted against LINA. Plaintiff never responded to LINA's Rule 12 motion and asserts that reconsideration is warranted because she was not served with the motion. For the reasons that follow, I will deny plaintiff's motion.

BACKGROUND

On July 16, 2010, plaintiff filed a complaint against ACE USA; ACE INA Holding, Inc. (collectively, the ACE Defendants); ESIS, Inc.; LINA; and Cigna Group Insurance, a subsidiary of Cigna. On October 11, 2010, the ACE defendants filed a motion to stay and compel arbitration. According to the certificate of service filed with the motion, the motion was served

electronically on counsel for plaintiff (no other form of service was noted). Plaintiff electronically filed a timely response to the ACE defendants' motion on October 29, 2010, after electronically filing a stipulation for extension of time in which to respond. The ACE defendants filed a reply brief on November 24, 2010. According to the certificate of service filed with the reply brief, it was served electronically on counsel for plaintiff. On November 24, 2010, plaintiff electronically filed a motion seeking leave to file a further response to the ACE Defendants' motion. I granted plaintiff's motion for leave to file a response on November 29, 2010. On December 7, 2010, LINA filed a Rule 12 Motion seeking to dismiss as to LINA plaintiff's Short Term Disability, Pennsylvania Wage Payment and Collection Act and Breach of Contract claims, to dismiss plaintiff's first amended complaint against CIGNA group insurance for lack of personal jurisdiction, and to strike Plaintiff's jury trial demand as to all claims asserted against LINA. According to the certificate of service filed with the motion, the motion was served electronically on counsel for plaintiff. Plaintiff failed to respond to LINA's motion. On January 6, 2011, plaintiff electronically filed a motion for leave to amend her answer to the ACE Defendants' motion to stay and compel arbitration. On January 14, 2011, I issued an Order and Memorandum Opinion granting both LINA's Rule 12 motion and the ACE Defendants' motion to compel arbitration and for a stay. Plaintiff electronically filed the instant motion for reconsideration on January 24, 2011.

## DISCUSSION

A party may "move for reconsideration or reargument of any judicial ruling within 10 days after the entry of the judgment, order or decree concerned." Local R. Civ. P. 7.1(g). A party seeking reconsideration may prevail if it can establish "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or to prevent manifest injustice." Shaw v. Parker Hannifin Corp., No. 08-1204, 2008 WL 2609827, at *2 (E.D. Pa. Jun. 27, 2008) (citations omitted).[1] Plaintiff fails to establish any of the foregoing circumstances in her motion for reconsideration.

Plaintiff, through her attorney, asserts that she failed to respond to LINA's Rule 12 motion "not because of any oversight," but because she "has not agreed to be served electronically" and further she "never received any electronic communication from counsel for LINA giving notice of the filing of the subject motions." Pl.'s Mot. for Reconsid. at ¶ 5. Plaintiff's specious argument clearly disregards Local Rule 5.1.2. "*Unless otherwise excused*, attorneys admitted to the bar of this court . . . are *required* to register as ECF Filing Users of the court's ECF system." Local Rule Civ. P. 5.1.2(4)(a) (emphasis added). Once registered, an ECF filing user must provide a written request to the clerk of court request in order to withdraw from participation in the ECF System. Local Rule Civ. P. 5.1.2(2)(c). Plaintiff does not contend that

---

[1] Rule 60(b)(1) of the Federal Rules of Civil Procedure provides for relief from a "final judgment, order, or proceeding" in the event of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). My Order of January 14, 2011 was not a final order. See Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir.1997) ("there is no final order if claims remain unresolved and their resolution is to occur in the district court."). Even if I were to apply Rule 60(b)(1) in considering plaintiff's motion, "ignorance of the law and carelessness in its application are not sufficient grounds" to grant relief. Lee v. Toyota Motor Sales, U.S.A., Inc., No. 96-2337, 1997 WL 256976, at * 3 (E.D. Pa. May 16, 1997); see also H.A.S. Protection, Inc. v. Senju Metal Industry Co., Ltd., No. 03-1215, 2003 WL 23419852, at * 2 n.2 (E.D. Pa. Dec. 12, 2003) (finding relief was not appropriate under Rule 60(b) where "Plaintiff simply failed to actually read Defendants' Motion to Dismiss"); Douris v. Cnty. of Bucks, No. 99-3357, 2000 WL 1347014 (E.D. Pa. Sep. 19, 2000) (refusing to grant relief under Rule 60(b) where the plaintiff failed to respond to a motion for a protective order because of his mistaken belief that the motion had been mooted by a previous order of the court).

her attorney ever sought to withdraw from participation in the ECF System. Indeed, plaintiff filed docket entries 7, 9, 15, 17, 19, 20, 21, and 25 – the latter being the instant motion for reconsideration – using the ECF System and could not have done so if her attorney were not a registered ECF Filing User.

Notwithstanding plaintiff's counsel's contention to the contrary, he agreed to electronic service of LINA's Rule 12 motion. Local Rule 5.1.2(4)(c) provides that "[r]egistration as an ECF Filing User constitutes agreement to receive and consent to make electronic service of all documents . . . . This agreement and consent is applicable to all future cases until revoked by the ECF Filing User." Local Rule Civ. P. 5.1.2(4)(c).[2] Plaintiff has not provided any evidence that her attorney revoked his consent to electronic service prior to December 7, 2010.

Further, LINA was not required to give plaintiff notice of the filing of its Rule 12 motion

---

[2] The ECF Account Registration Form that attorneys must complete and sign to register for ECF provides, in relevant part, that:

> 1. I have read and understood the provisions of Rule 5.1.2 of the Local Rules of Civil Procedure, "Electronic Case Filing," . . . and the court's ECF Procedures set forth in Rule 5.1.2, and I agree to abide by all provisions set forth therein.
> . . .
>
> 3. In accordance with the provisions of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Section 8 of the ECF Procedures, I agree that service may be given to me by electronic transmission and I consent to make electronic service of all documents.
> . . .
>
> 5. I agree to waive the provisions of Rule 77(d) of the Federal Rules of Civil Procedure . . . providing for service of notice by mail, and I consent that such notice may be served by electronic transmission in accordance with Section 14 of the ECF Procedures.

where her attorney had consented to electronic service. Local Rule 5.1.2(8) provides that

> [w]hen an ECF filing user electronically files a pleading or other document using the ECF system, a Notice of Electronic Case Filing shall automatically be generated by the system, and shall be sent automatically to all parties entitled to service under the Federal Rules of Civil Procedure . . . who have consented to electronic service. Electronic Service of the Notice of Electronic Case Filing constitutes service of the filed document to all such parties and shall be deemed to satisfy the requirements of Rule 5(b)(2) of the Federal Rules of Civil Procedure . . . ."

Local R. Civ. P. 5.1.2.(8)(a). When LINA filed its Rule 12 Motion via the ECF system on December 7, 2010, it received a court-generated ECF confirmation of service email which provided that notice of the filing had been electronically mailed to Leo A. Hackett, counsel for plaintiff, at lhackett@lahackettlaw.com. Plaintiff has provided me with no reason to believe that this notice should not be deemed to satisfy the requirements of Rule 5(b)(2). "Relief from an actual failure to receive electronic service, of a motion for example, may be granted in the court's discretion, but a mere claim that an attorney was unaware that he had consented to electronic service despite the language in the ECF user agreement will not be excused." Shaw v. Parker Hannifin Corp., No. 08-1204, 2008 WL 2609827, at *4 (E.D. Pa. Jun. 27, 2008) (citation omitted).

Finally, plaintiff argues that a manifest injustice will result if she is not given an opportunity to respond to LINA's Rule 12 motion. I disagree. Plaintiff's reconsideration motion appears to challenge only my dismissal of Cigna Group Insurance and not my other substantive rulings. In its Rule 12 motion, LINA represented that CIGNA Group Insurance is not a distinct legal entity capable of being sued as it is merely "a registered service mark of CIGNA Intellectual Property, Inc." In her motion for reconsideration, plaintiff has not supplied me with reason to

believe that she would be able to establish that CIGNA Group Insurance is a person over whom I have jurisdiction pursuant to Rule 17(b) if I were to provide her with an opportunity to file a response to LINA's motion.

      An appropriate Order follows.